UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN L. M. DOBSHINSKY,<br><br>   Petitioner,<br><br> v.<br><br>DAVE RUNNELS,<br><br>   Respondent. | No. C 06-2789 MHP (pr)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Allen M. Dobshinsky, a prisoner currently in custody at High Desert State Prison, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the court for consideration are petitioner's motions to appoint counsel and respondent's motion to dismiss the petition as untimely. The court denies the motions for appointment of counsel, finds that the petition was not timely filed, and dismisses the action.

## BACKGROUND

Dobshinsky was convicted in Sonoma County Superior Court of inflicting corporal injury on a cohabitant or spouse and resisting an executive officer. In February 2000, he was sentenced to ten years and eight months in prison. He appealed. The California Court of Appeal affirmed his conviction. The California Supreme Court denied his petition for review on May 2, 2001.

Dobshinsky filed three state habeas petitions before filing this action. His petition for writ of habeas corpus in the Sonoma County Superior Court was filed on July 16, 2002, and

denied on August 8, 2002. His petition for writ of habeas corpus in the California Court of Appeal was filed on March 17, 2003 and denied on March 28, 2003. His petition for writ of habeas corpus in the California Supreme Court was filed on August 3, 2004 and denied on June 22, 2005.

The current action is Dobshinsky's third federal habeas petition challenging the same conviction. Dobshinsky v. HDSP, Case No. C 02-2684 MHP, was filed on June 5, 2002 and dismissed on June 28, 2002 because state court remedies had not been exhausted and he had not identified any violation of the federal constitution, laws or treaties. Dobshinsky v. HDSP, Case No. C 04-781 MHP, was filed on February 25, 2004 and dismissed on July 7, 2004 for failure to exhaust state court remedies.

The current habeas petition was stamped "filed" on April 24, 2006 and was mailed to the court in an envelope postmarked April 12, 2006. The court will use April 12, 2006 as the date on which this action was deemed filed because there is no evidence Dobshinsky gave the petition to prison officials for mailing before that day. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).

## DISCUSSION

A.   Petitioner's Motions For Appointment of Counsel

Petitioner's motions for appointment of counsel are DENIED. (Docket # 15, # 18.) A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. The interests of justice do not require appointment of counsel in this action.

B.      Respondent's Motion To Dismiss

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1). For cases in which the convictions became final before the April 24, 1996 enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the petitioners had a one-year grace period so that their petitions were due by April 24, 1997.  See Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir.), cert. denied, 534 U.S. 978 (2001).

The first step is to determine when the limitations period began.  The one-year limitations period for Dobshinsky started on July 31, 2001, when his judgment became final after the 90-day period for him to petition for writ of certiorari in the U.S. Supreme Court expired following the denial of his petition for review.  See 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999) (direct review period includes the 90-day period during which the petitioner could have filed a petition for writ of certiorari, regardless of whether he did so).  The presumptive deadline for the federal petition was July 31, 2002.

The next step is to consider whether there is any statutory tolling of the limitations period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Tolling is available for the intervening period between state habeas petitions when a petitioner files the later state habeas petition "within what California would consider a 'reasonable time.'"  Evans v. Chavis, 546 U.S. 189, 198 (2006); see Carey v. Saffold, 536 U.S. 214, 220 (2002).

3

Dobshinsky filed his first state petition for writ of habeas corpus in the Sonoma County Superior Court on July 16, 2002. By the time he filed that petition, 350 days of his one-year limitations period had passed. After the Sonoma County Superior Court denied his petition on August 8, 2002, another 220 days passed before Dobshinsky filed his petition for writ of habeas corpus in the California Court of Appeal on March 17, 2003. Dobshinsky's unexplained 7-month delay was beyond what California would consider a reasonable time to file at the next level court and therefore does not support tolling for the gap between the pendency of the first and the second petitions. See Evans v. Chavis, 546 U.S. at 201 (6-month delay between the denial of a habeas petition in the California Court of Appeal and the filing of a new habeas petition in the California Supreme Court was unreasonable and, consequently, tolling was not available during that period); Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) ("gap tolling" denied during periods of ten, fifteen and eighteen months between California habeas petitions). Likewise, the unexplained delay of 493 days after the California Court of Appeal denied his petition before he filed his habeas petition in the California Supreme Court was beyond what California would consider a reasonable time to file at the next level court and therefore does not support tolling for that gap.

Statutory tolling is not available for Dobshinsky's two earlier federal habeas petitions because an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 180-81 (2001). The Supreme Court left open the question whether the limitations period can be equitably tolled during that time, however. See id.; see also id. at 2130 (Stevens, J., and Souter, J., concurring). Even if the pendency of the two earlier federal petitions supported equitable tolling, they were pending for such a short amount of time (i.e., 23 days and 132 days) that they would not toll enough time to aid Dobshinsky. If tolling was allowed for the 155 days during which he had earlier federal petitions on file, Dobshinsky still missed the deadline by many months.

The last step is to decide whether the limitations period should be equitably tolled. Equitable tolling of the limitations period is available upon a showing of extraordinary

4

1 circumstances beyond a petitioner's control which prevented him from timely filing the
2 petition.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th
3 Cir. 1997) (equitable tolling will not be available in most cases because extensions of time
4 should only be granted if extraordinary circumstances beyond prisoner's control make it
5 impossible for him to file petition on time), cert. denied, 523 U.S. 1061, 1099 (1998),
6 overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163
7 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

8      Dobshinsky appears to argue for equitable tolling based on his limited access to his
9 personal property and legal materials while he was in administrative segregation.
10 See Docket # 15, 4th page.  He does not, however, state how long or when he was in
11 administrative segregation. Additionally, although he alleges he had limited access to his
12 legal materials, he does not allege a complete denial of access to his legal materials.  The
13 record shows that Dobshinsky made repeated, but intermittent efforts, to have his conviction
14 set aside after it became final: filing petitions in June 2002 (federal court), July 2002 (state
15 superior court), March 2003 (state court of appeal), February 2004 (federal court), August
16 2004 (state supreme court), and April 2006 (federal court).   He paused for lengthy periods of
17 time between several of these petitions.  He has not shown where in the time-line the
18 administrative segregation placement occurred, or how and why it impacted his ability to
19 timely file his federal petition.  He has not satisfied his burden to show that the limited access
20 to legal materials supports equitable tolling.  See Raspberry v. Garcia, 448 F.3d 1150, 1153
21 (9th Cir. 2006).  The limitations period will not be equitably tolled for the alleged limitations
22 on his access to legal materials while he was in administrative segregation.

23      Dobshinsky filed this action too late even taking into account statutory tolling for the
24 time each state petition was pending (but not for the gaps in between the state court petitions)
25 as well as equitable tolling for the pendency of his earlier federal petitions.  His limitation
26 period began on July 31, 2001.  He filed this action 1,715 days thereafter, but had only 881
27 days (365 days in limitations period plus 516 days of tolling) to do so.  He therefore missed
28 the deadline by about 834 days, or more than two years.  Dobshinsky's petition was not filed

5

before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The petition therefore will be dismissed.

## CONCLUSION

Petitioner's motions for appointment of counsel are DENIED. (Docket # 15, # 18.)

Respondent's motion to dismiss is GRANTED. (Docket # 13.) The petition is dismissed because it was not timely filed. The clerk shall close the file.

IT IS SO ORDERED.

DATED: July 19, 2007

Marilyn Hall Patel
United States District Judge